

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Cleveland Davis
County Attorney
Brazoria County
Angleton, Texas

Dear Sir:

Opinion No. O-4300
Re: H. B. No. 262, Forty-
Seventh Legislature,
is constitutional and
related matter.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"I am writing you for an opinion on House Bill No. 262 providing for the purchase of fire fighting equipment in certain counties.

"This bill provides that the Commissioner's Court shall have authority to purchase fire trucks and other fire fighting equipment by first advertising and receiving bids thereon as provided by law, and further provides that any fire fighting equipment purchased by a county shall be done only by majority vote of pro-perty owning tax payers and qualified voters of such county at a county-wide election called for such purpose.

"The bill does not provide for a method of pay-ment for such equipment and does not specify with what fund, if any, said equipment shall be paid for.

"I shall appreciate your advising me, first, as to whether or not this is a valid bill; and second, if the bill is valid, out of what funds the equipment shall be purchased."

Hon. Cleveland Davis, page 2.

H. B. No. 262, Forty-Seventh Legislature of Texas, reads as follows:

"An Act authorizing the Commissioners Court in all counties of this State to provide fire protection and fire fighting equipment for the citizens of the county outside of any city, town, or village therein, either by the purchase and maintenance by the county of the necessary equipment, or by entering into contracts with the governing body of cities, towns, or villages located within the county and/or adjoining counties for the use of the fire fighting equipment of the city, town, or village; providing that the operation of any fire fight-ing equipment outside the city limits of any city, town, or village, pursuant to contracts with the Commission-ers Court of the county, shall be considered as opera-tions of the county, and all persons engaged in such operations, notwithstanding they may be employees of a city, town, or village, shall be considered as agents for the county in all respects; providing purchase of fire fighting equipment must be authorized by election; and declaring an emergency.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1. The Commissioners Court in all counties of this State shall be authorized to furnish fire pro-tection and fire fighting equipment to the citizens of such county residing outside the city limits of any city, town, or village within the county and/or adjoining coun-ties. The Commissioners Court shall have the authority to purchase fire trucks and other fire fighting equip-ment by first advertising and receiving bids thereon, as provided by law. The Commissioners Court of any county of this State shall also have the authority to enter into contracts with any city, town, or village within the county and/or adjoining counties, upon such terms and conditions as shall be agreed upon between the Commissioners Court and the governing body of such city, town, or village, for the use of the fire trucks and other fire fighting equipment of the city, town, or vil-lage. It is specifically provided that the acts of any person or persons while fighting fires, traveling to or

from fires, or in any manner furnishing fire protection to the citizens of a county outside the city limits of any city, town, or village, shall be considered as the acts of agents of the county in all respects, notwithstanding such person or persons may be regular employees or firemen of a city, town, or village. No city, town, or village within a county and/or adjoining counties shall be held liable for the acts of any of its employees while engaged in fighting fires outside the city limits pursuant to any contract theretofore entered into between the Commissioners Court of the county and the governing body of the city, town, or village. Provided however, that any fire equipment purchased by any County shall be done only by a majority vote of property owning taxpayers and qualified voters of such county at a county-wide election called for such purpose.

"Sec. 2. The fact that under existing laws, County Commissioners Courts are without power or authority to provide fire protection for the citizens of the county who reside outside the city limits of any city, town, or village within the county creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House shall be suspended, and the same is hereby suspended, and this Act shall take effect from and after its passage, and it is so enacted.

"Passed by the House, March 6, 1941: Yeas 112, Nays 0; passed by the Senate, May 15, 1941: by a viva voce vote.

"Approved May 22, 1941.

"Effective 90 days after July 3, 1941, date of adjournment."

We are unable to perceive any valid constitutional objections to the Act. It is therefore our opinion that the Act is constitutional and valid.

It is our further opinion that when fire fighting equipment is purchased in compliance with the conditions laid down in the Act payment for same should be made out of the general fund of the county.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _____

Wm. J. Fanning
Assistant

WJF:LBT